Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

Attorney for the Creditor
HERMAN MENEZES, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IN RE:<br><br>ALVIN A. BRESCIANI,<br><br>Debtor.<br><br>HERMAN MENEZES, LLC<br><br>    Plaintiff,<br><br>    Vs.<br><br>ALVIN BRESCIANI,<br><br>    Defendant.<br>_____/ | Case No. 3:22-bk-50266<br><br><br><br>Adv. Case No: 22-05012-nmc<br><br>Chapter 7<br><br>Hearing Date: Dec. 15, 2022<br><br>Hearing Time: 9:30 AM<br><br>**AMENDED ADVERSARY COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §523** |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

   Herman Menezes LLC ("Plaintiff"), Plaintiff and Creditor of the above-named Debtor, Alvin Bresciani ("Defendant"), hereby objects to the dischargeability of the debt owed by the Defendant to the Plaintiff in the

1

above-entitled bankruptcy case pursuant to 11 U.S.C. §523, and alleges as follows:

## INTRODUCTION

1. This is an action to object to the dischargeability of a debt in the chapter 7 bankruptcy case of Alvin Bresciani, case number 3:22-bk-50266, pending in the U.S. Bankruptcy Court in the District of Nevada.

2. The debt owed to the Plaintiff by the Defendant is not dischargeable pursuant to 11 U.S.C. §523 because the Defendant obtained the Plaintiff's money and property through false pretenses, false representations, and actual fraud.

## JURISDICTION

3. This Court has jurisdiction of this adversary pursuant to 11 U.S.C. §727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff Herman Menezes, LLC is, and was at all times relevant herein, a limited liability company organized under the laws of the State of Nevada, with a principal place of business in Storey County, Nevada.

7. Defendant Alvin Bresciani is an individual, who at all relevant times herein, is and was resident of the City of Reno, Nevada.

## FACTUAL ALLEGATIONS

**A.  Defendant's Bankruptcy Case**

8. On May 16, 2022, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy

case number 3:22-bk-50266, in the U.S. Bankruptcy Court for the District of Nevada.

9. In the Schedule F filed concurrently with the petition, Defendant disclosed unsecured creditors holdings debts totaling $5,838,503.00, including:

   a. Herman Menezes, LLC, Unpaid for Product, $330,600.00.

10. On January 28, 2022 the First Judicial District Court of the State of Nevada issued an order of default judgment against Defendant for the plaintiff in the amount of $330,570.65.

11. Based upon Defendant's bankruptcy filings, Plaintiff now brings the instant complaint to objection to the dischargeability of the debt owed by the Defendant to the Plaintiff pursuant to 11 U.S.C. § 523.

**B.      Defendant's Debt to Plaintiff**

**i . The Jungo Ranch Fraud**

12. On December 19, 2019, the Plaintiff and the Bresciani entered into a contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract").

13. The Jungo Contract was executed in Storey County, Nevada.

14. Also on December 19, 2020 Bresciani executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract.

15. The Jungo Contract provided that in exchange for the Plaintiff providing Bresciani with a $620,000 deposit, the Plaintiff would pay Bresciani $10 per ton on 3840 tons of hay toward repayment of the deposit.

16. At the conclusion of the 2019-2020 Hay Season, Bresciani had only provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract leaving a balance on the agreement of $127,398.65.

17. Bresciani breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to Bresciani by the Plaintiff.

18. Further, from July 14, 2020 to August 18, 2020, Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers.   Thus, included the balance on the agreement of $127,398.65, Bresciani owes the Plaintiff is $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully and fraudulently taken by Bresciani.

19. Jungo Ranches, LLLP received the value paid by the Plaintiff to Bresciani for the hay produced by Jungo Ranches, LLLP as described in the Jungo Contract, but this hay was never delivered to the Plaintiff because Bresciani fraudulently took the Plaintiff's hay delivered the hay belonging to the Plaintiff to his other customers.

**ii. The Taylor Farms Fraud**

20. On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be removed from Taylor Farms by Bresciani.  On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds to cover the check.

21. On August 7, 2020, the Plaintiff sent Bresciani a letter via certified mail return receipt informing Bresciani that the check for $67,160 was returned for insufficient funds.  Further, Bresciani removed approximately $50,793 in hay (221 Tons) from Taylor Farms in total, which Bresciani fraudulently obtained, and still has not paid for.  Thus the Plaintiff incurred actual damages of $50,793 as a result of Bresciani passing a bad check.

22.     Bresciani made false representations to the Plaintiff that he had the funds to pay for the hay from Taylor Farms, wrote a hot check to the Plaintiff such that he could obtain permission to remove the hay from Taylor Farms, and actually removed the hay from Taylor Farms based on this fraudulent claim to the Plaintiff, and was removing hay from Taylor Farms before he had any permission to do so from the Plaintiff.

### iii. Menezes Sues Bresciani for Fraud, and Bresciani fails to defend the suit

23.     On January 4, 2021, the Plaintiff filed a Complaint against Mr. Bresciani and Bresciani Hay Company, Inc. before the First Judicial District Court in and for Storey County, and asserted the following claims: fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and for exemplary damages against Mr. Bresciani and his company.

24.     After Bresciani failed to follow multiple orders of the court related to discovery, the Court struck Bresciani's answer and rendered default judgment in favor of the Plaintiffs in a December 23, 2021 Order.

25.     On January 28, 2022, after a motion to which Brescinai did not respond, the Nevada District Court issued an order awarding $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75%.

### FIRST CAUSE OF ACTION

### (For a Determination That Defendant's Debts Are

### Not Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A)

26.     The Plaintiff incorporates by reference the allegations contained in above, as though set forth fully herein;

27. Bresciani made intentionally false representations to the Plaintiff in order to obtain the Plaintiff's money and property;

28. Bresciani knew at the time the representations were false;

29. Brescini made the representations with the intention and purpose of deceiving and defrauding the Plaintiff;

30. The Plaintiff relied on the representations of Bresciani; and

31. The Plaintiff sustained damage as the proximate result of the representations of Bresciani.

## PRAYER FOR RELIEF

WHEREFOR, Herman Menezes, LLC prays for the entry of judgment against the Defendant as follows:

1. That the Court determine that the debt of Defendant to the Plaintiff be ruled nondischargeable because Defendant obtained the Plaintiff's money and property by fraud;

2. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

3. For costs of suite herein incurred; and

4. For such other further relief as this Court deems just as proper.

Respectfully submitted:

DATED this Sep 6, 2022

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

## **CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing AMENDED ADVERSARY COMPLAINT by:

\_\_\_\_\_ personally delivering;

\_\_\_\_\_ delivery via Reno/Carson Messenger Service;

\_\_\_\_\_ sending via Federal Express (or other overnight delivery service);

\_\_x\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Alvin Bresiani
6086 White Water Way
Reno, NV 89523

By: /s/ Luke Busby, Esq.          Sep 6, 2022
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff