Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

Attorney for the Plaintiff
HERMAN MENEZES, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

* * *

IN RE:

ALVIN A. BRESCIANI,

Debtor.

HERMAN MENEZES, LLC

    Plaintiff,

    Vs.

ALVIN BRESCIANI,

    Defendant.

_____/

Case No. 3:22-bk-50266

Adv. Case No: 22-05012-nmc

Chapter 7

Hearing Date: Feb 9, 2023

Hearing Time: 9:30 AM

**RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT**

    COMES NOW, HERMAN MENEZES, LLC, by and through the undersigned counsel, and hereby files the following Opposition to the January 26, 2023 Motion to Set Aside Default [ECF #21] filed by Defendant ALVIN BRESCIANI ("Bresciani").

1

This response is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth herein haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**Procedural Background**

On May 16, 2022, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy case number 3:22-bk-50266, in the U.S. Bankruptcy Court for the District of Nevada. In the Schedule F filed concurrently with the petition, Defendant disclosed unsecured creditors holdings debts totaling $5,838,503.00, including: Herman Menezes, LLC, Unpaid for Product, $330,600.00.

Based upon Defendant's bankruptcy filings, Plaintiff brought the instant complaint to object to the dischargeability of the debt owed by the Defendant to the Plaintiff pursuant to 11 U.S.C. § 523.

Plaintiff filed the complaint in this adversary proceeding on August 29, 2022 [ECF#1]. On August 29, 2022, the Court issued a Summons and Notice of Scheduling Conference in Adversary Proceeding [ECF# 3]. Plaintiff filed and served an Amended Complaint on September 2, 2022 [ECF#7]. The summons and complaint were served on Defendant and the Defendant's counsel Sean Patterson, Esq. by Personal Service Mail Service on September 2, 2021 [See ECF #6].  The time for filing an answer or other responsive pleading expired on September 28, 2022. No answer or other responsive pleading has been filed or served by Defendant. On November 4, 2022, the Clerk of the Court entered an Entry of Default against the Defendant [See ECF #12].  On November 10, 2022,

the Plaintiff served the Entry of Default on the Defendant [See ECF #13]. On November 21, 2022, the Plaintiff served a Notice of Intent to Take Default [ECF #14] on the Defendant and the Defendant's former counsel Mr. Sean Patterson, Esq. On November 29, 2022, the Plaintiff filed a Motion for Default Judgment [See ECF #15]. On January 12, 2023, this Court held a hearing at which the Plaintiff and Defendant appeared. The Court provided Mr. Bresciani until January 26, 2023 to file a response to the Motion for Default Judgment. To date, no response has been filed. Instead, Mr. Bresciani filed the instant motion seeking to set aside the clerk's default.

**Basis for Claim of Herman Menezes, LLC**

On December 19, 2019, the Plaintiff and the Bresciani entered into a contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract").

The Jungo Contract was executed in Storey County, Nevada. Also on December 19, 2020 Bresciani executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract.

The Jungo Contract provided that in exchange for the Plaintiff providing Bresciani with a $620,000 deposit, the Plaintiff would pay Bresciani $10 per ton on 3840 tons of hay toward repayment of the deposit.

At the conclusion of the 2019-2020 Hay Season, Bresciani had only provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract leaving a balance on the agreement of $127,398.65.

Bresciani breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to Bresciani by the Plaintiff. Further, from July 14, 2020 to August 18, 2020, Bresciani removed approximately 404 tons of hay

from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers.  Thus, included the balance on the agreement of $127,398.65, Bresciani owes the Plaintiff is $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully and fraudulently taken by Bresciani.

Jungo Ranches, LLLP received the value paid by the Plaintiff to Bresciani for the hay produced by Jungo Ranches, LLLP as described in the Jungo Contract, but this hay was never delivered to the Plaintiff because Bresciani fraudulently took the Plaintiff's hay delivered the hay belonging to the Plaintiff to his other customers.

On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be removed from Taylor Farms by Bresciani.  On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds to cover the check.

On August 7, 2020, the Plaintiff sent Bresciani a letter via certified mail return receipt informing Bresciani that the check for $67,160 was returned for insufficient funds.  Further, Bresciani removed approximately $50,793 in hay (221 Tons) from Taylor Farms in total, which Bresciani fraudulently obtained, and still has not paid for.  Thus the Plaintiff incurred additional actual damages of $50,793 as a result of Bresciani passing a bad check.

**Herman Menezes, LLC obtains a Judgment in State Court Against Bresciani**

On January 4, 2021, the Plaintiff filed a Complaint against Mr. Bresciani and Bresciani Hay Company, Inc. before the First Judicial District Court in and for Storey County, and asserted the following claims: fraud, breach of the implied

covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and for exemplary damages against Mr. Bresciani and his company. See ECF 15-2.  The facts underlying the complaint are verified by Mark Menezes, who is a manager for the Plaintiff.  Id. at 11.

After Bresciani failed to follow multiple orders of the court related to discovery, the Court struck Bresciani's answer and rendered default judgment in favor of the Plaintiffs in a December 23, 2021 Order. See ECF 15-3.

On January 28, 2022, after a motion to which Brescinai did not respond, the Nevada District Court issued an order awarding $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75%. See ECF 15-4.

ECF 15-5, is the declaration of Mark Menezes, manager of Herman Menezes, LLC, attesting to the amount sought to be found non-dischargeable.

**Argument**

Fed. R. Bank. P. 7005 states that FRCP 55 applies in adversary proceedings. Motions to set aside default are governed by FRCP 55(c), which provides that an entry of default may be set aside upon a showing of "good cause."  In determining whether good cause has been shown, a court must consider (1) whether the default resulted from culpable conduct on the part of the defendant; (2) whether the defendant has a meritorious defense; and (3) whether the plaintiff would be prejudiced by setting aside the default.  *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001).  "To be prejudicial, the setting aside of a [default] must result in greater harm than simply delaying resolution of the case."  *Id.* at 701.

11 U.S.C. §523(a)(2)(A) provides that money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false

5

pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, is not dischargeable. As evidenced by the records from the state court proceeding below, Mr. Bresciani obtained the money and property of the Plaintiff via false pretenses, false representations, and/or actual fraud. Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers. Bresciani made false representations to the Plaintiff that he had the funds to pay for the hay from Taylor Farms, wrote a hot check to the Plaintiff such that he could obtain permission to remove the hay from Taylor Farms, and actually removed the hay from Taylor Farms based on this fraudulent claim to the Plaintiff, and was removing hay from Taylor Farms before he had any permission to do so from the Plaintiff.

    Mr. Bresciani's Motion consists of five pages of largely illegible handwriting and lacks a cogent argument as to why he failed to respond to or defend this or the underlying lawsuit. Rather, Mr. Bresciani takes to insulting Mr. Mark Menezes, Herman Menezes, LLC's manager, stating that "no one likes or can get along with him…" and that "...I didn't have daddy's check book like Mark Menezes…." See ECF 21 at 4 and 5. See *Edwards v. Emperor's Garden Rest.*,122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (courts should decline to consider issues that are not cogently argued or supported by relevant authority).

    Mr. Bresciani has failed to show any cause, much less good cause to set aside the clerk's default. There is no reasonable dispute that the (1) default resulted from the culpable conduct by Mr. Bresciani as he has ignored the numerous pleadings served on him during this and the underlying proceeding

and failed to contest the allegations that he defrauded Herman Menezes, LLC despite being properly served with the numerous papers in this lawsuit; (2) Mr. Bresciani has no meritorious defense - as none has been presented, as Mr. Bresciani has failed to file a response to the Motion for Default Judgment at ECF #15 as directed by the Court; and (3) That Herman Menezes, LLC will be prejudiced by setting aside the default, as Mr. Bresciani simply seeks to delay the inevitable and increase the time and expense associated with litigating this matter. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Setting aside the default will result in greater harm to Herman Menezes LLC than simply delaying resolution of the case because there is no dispute that Mr. Bresciani defrauded Herman Menezes, LLC and Mr. Bresciani has ignored the Court's express instructions to file a response to the Motion for Default Judgment.

      WHEREFORE, the Plaintiff respectfully requests that Bresciani's Motion be denied as no good cause to set aside the default had been shown.

**DATED** this Jan 27, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

## **CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **RESPONSE IN OPPOSITION TO MOTION TO SET ASIDE DEFAULT** by:

\_\_\_\_\_ personally delivering;

\_\_\_\_\_ delivery via Reno/Carson Messenger Service;

\_\_\_\_\_ sending via Federal Express (or other overnight delivery service);

\_\_x\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Alvin Bresciani
6086 White Water Way
Reno, NV 89523

Sean Patterson, Esq.
232 Court St.
Reno, Nevada 89501
775-786-1615
illegalpat@aol.com

By: /s/ Luke Busby, Esq.            Jan 27, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff

8