Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.comMotio

Attorney for the Plaintiff
HERMAN MENEZES, LLC

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IN RE: | Case No. 3:22-bk-50266 |
| ALVIN A. BRESCIANI, | Adv. Case No: 22-05012-nmc |
| Debtor. | Chapter 7 |
| HERMAN MENEZES, LLC | Hearing Date: April 6, 2022 |
| Plaintiff, | Hearing Time: 9:30 AM |
| Vs. | **SECOND MOTION FOR DEFAULT JUDGMENT UNDER FED. R. BANKR. P. 7055** |
| ALVIN BRESCIANI, | |
| Defendant. | |
| _____/ | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

///

1

COMES NOW, HERMAN MENEZES, LLC, by and through the undersigned counsel, and hereby files the following Motion for Default Judgment against Defendant ALVIN BRESCIANI, under Fed. R. Bankr. P. 7055.

This motion is supported by the following Memorandum of Points and Authorities, as well as the declaration of the undersigned counsel, attached hereto as Exhibit 1, that contains, among other things, facts showing that the Defendant is not in the military service, and is not an infant or incompetent. (Fed. R. Civ. P. 55(b)(2); Fed. R. Bankr. P. 7055; 50 U.S.C. Appx. § 521.)

### MEMORANDUM OF POINTS AND AUTHORITIES

**Procedural Background**

On May 16, 2022, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy case number 3:22-bk-50266, in the U.S. Bankruptcy Court for the District of Nevada. In the Schedule F filed concurrently with the petition, Defendant disclosed unsecured creditors holdings debts totaling $5,838,503.00, including: Herman Menezes, LLC, Unpaid for Product, $330,600.00.

Based upon Defendant's bankruptcy filings, Plaintiff brought the instant complaint to object to the dischargeability of the debt owed by the Defendant to the Plaintiff pursuant to 11 U.S.C. § 523.

Plaintiff filed the complaint in this adversary proceeding on August 29, 2022 [ECF#1]. On August 29, 2022, the Court issued a Summons and Notice of Scheduling Conference in Adversary Proceeding [ECF# 3]. Plaintiff filed and served an Amended Complaint on September 2, 2022 [ECF#7]. The summons and complaint were served on Defendant and the Defendant's counsel Sean Patterson, Esq. by Personal Service Mail Service on September 2, 2021 [See ECF #6]. The time for filing an answer or other responsive pleading expired on

September 28, 2022. No answer or other responsive pleading has been filed or served by Defendant. On November 4, 2022, the Clerk of the Court entered an Entry of Default against the Defendant [See ECF #12]. On November 10, 2022, the Plaintiff served the Entry of Default on the Defendant [See ECF #13]. On November 21, 2022, the Plaintiff served a Notice of Intent to Take Default [ECF #14] on the Defendant and the Defendant's former counsel Mr. Sean Patterson, Esq.

On a motion from the Defendant, the Court set aside the default and ordered the Defendant to file and answer to the amended complaint by Monday, March 13, 2023 [See ECF #30]. No answer or other responsive pleading by Defendant has been filed or served, so the Clerk of the Court, on application from the Plaintiff, entered another Entry of Default on March 17, 2023 [ECF# 33].

On March 20, 2023, Plaintiff filed and served a Second Notice of Intent to File Motion for Default [EFC #35], informing the Defendant that the Plaintiff would file another motion for default judgment on or after March 29, 2023, to which the Defendant did not respond.

**Basis for Claim of Herman Menezes, LLC**

On December 19, 2019, the Plaintiff and the Bresciani entered into a contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract").

The Jungo Contract was executed in Storey County, Nevada. Also on December 19, 2020 Bresciani executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract.

3

The Jungo Contract provided that in exchange for the Plaintiff providing Bresciani with a $620,000 deposit, the Plaintiff would pay Bresciani $10 per ton on 3840 tons of hay toward repayment of the deposit.

At the conclusion of the 2019-2020 Hay Season, Bresciani had only provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract leaving a balance on the agreement of $127,398.65.

Bresciani breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to Bresciani by the Plaintiff. Further, from July 14, 2020 to August 18, 2020, Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers. Thus, included the balance on the agreement of $127,398.65, Bresciani owes the Plaintiff is $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully and fraudulently taken by Bresciani.

Jungo Ranches, LLLP received the value paid by the Plaintiff to Bresciani for the hay produced by Jungo Ranches, LLLP as described in the Jungo Contract, but this hay was never delivered to the Plaintiff because Bresciani fraudulently took the Plaintiff's hay delivered the hay belonging to the Plaintiff to his other customers.

On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be removed from Taylor Farms by Bresciani. On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds to cover the check.

On August 7, 2020, the Plaintiff sent Bresciani a letter via certified mail return receipt informing Bresciani that the check for $67,160 was returned for

insufficient funds. Further, Bresciani removed approximately $50,793 in hay (221 Tons) from Taylor Farms in total, which Bresciani fraudulently obtained, and still has not paid for. Thus the Plaintiff incurred additional actual damages of $50,793 as a result of Bresciani passing a bad check.

**Herman Menezes, LLC obtains a Judgment in State Court Against Bresciani**

On January 4, 2021, the Plaintiff filed a Complaint against Mr. Bresciani and Bresciani Hay Company, Inc. before the First Judicial District Court in and for Storey County, and asserted the following claims: fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and for exemplary damages against Mr. Bresciani and his company. See Exhibit 2, attached hereto. The facts underlying the complaint are verified by Mark Menezes, who is a manager for the Plaintiff. Id. at 11.

After Bresciani failed to follow multiple orders of the court related to discovery, the Court struck Bresciani's answer and rendered default judgment in favor of the Plaintiffs in a December 23, 2021 Order. See Exhibit 3, attached hereto.

On January 28, 2022, after a motion to which Brescinai did not respond, the Nevada District Court issued an order awarding $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75%. See Exhibit 4, attached hereto.

Attached hereto as Exhibit 5, is the declaration of Mark Menezes, manager of Herman Menezes, LLC, attesting to the amount sought to be found non-dischargeable.

//

//

**Argument**

11 U.S.C. §523(a)(2)(A) provides that money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, is not dischargeable. As evidenced by the records from the state court proceeding below, Mr. Bresciani obtained the money and property of the Plaintiff via false pretenses, false representations, and/or actual fraud. Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers. Bresciani made false representations to the Plaintiff that he had the funds to pay for the hay from Taylor Farms, wrote a hot check to the Plaintiff such that he could obtain permission to remove the hay from Taylor Farms, and actually removed the hay from Taylor Farms based on this fraudulent claim to the Plaintiff, and was removing hay from Taylor Farms before he had any permission to do so from the Plaintiff.

Fed. R. Bankr. P. 7055 provides that FRCP 55 applies in adversary proceedings. FRCP 55 provides that a default may be entered where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, there is no question that Mr. Bresciani failed to appear or defend this action.

Under FRCP 55(b)(2), the Court may enter an award as to the amount of damages in this case because the amount sought to be declared non-dischargeable is not in dispute, as the amount is clearly described in the underlying state court's order attached hereto as Exhibit 4.

///

WHEREFORE, PLAINTIFF HEREBY MOVES: in accordance with Fed. R. Civ. P. 55(b)(2); Fed. R. Bankr. P. 7055. for default judgment against the Defendant and an order declaring that the $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75% owed to HERMAN MENEZES, LLC is non-dischargeable under the provisions of 11 U.S.C. § 523.

**DATED** this  Mar 29, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

**Exhibits**

1. Declaration of Luke Busby, Esq.
    a. SCRA Certification
2. January 4, 2021 Complaint
3. December 22, 2021 Order Granting Default Judgment
4. January 28, 2022 Order of Damages on Default Judgment
5. Declaration of Mark Menezes

# CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **SECOND MOTION FOR DEFAULT JUDGMENT UNDER FED. R. BANKR. P. 7055** by:

\_\_\_\_\_ personally delivering;

\_\_\_\_\_ delivery via Reno/Carson Messenger Service;

\_\_\_\_\_ sending via Federal Express (or other overnight delivery service);

\_\_x\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:

Alvin Bresciani
6086 White Water Way
Reno, NV 89523

By: /s/ Luke Busby, Esq.               Mar 29, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff