# Exhibit 2

Exhibit 2

FILED

2021 JAN -4 PM 3:51

STOREY COUNTY CLERK

BY ___(VE)___
      DEPUTY

Luke Andrew Busby, Ltd.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

IN AND FOR STOREY COUNTY

HERMAN MENEZES, LLC, a Nevada Limited
Liability Company,

    Plaintiff,

vs.

BRESCANI HAY COMPANY, INC., a Nevada
Corporation, and ALVIN A. BRESCANI, an
Individual, and JUNGO RANCHES, LLLP, an
Idaho Limited Liability Limited Partnership,
and DOE individuals 1-10 inclusive,
and ROE corporations 1-10, inclusive

    Defendant(s),

CASE NO: 21 OC 00001 1E

DEPT NO: 1

Exempt from Arbitration NAR 3(A)
Amount in controversy exceeds 50k
Declaratory and equitable relief
sought

## COMPLAINT

COMES NOW, HERMAN MENEZES, LLC, a Nevada Limited Liability Company ("MENEZES" or "Plaintiff") by and through the undersigned counsel, and hereby brings this action against BRESCANI HAY COMPANY, INC., a Nevada Corporation, and ALVIN A. BRESCANI, an individual, (BRESCIANI HAY COMPANY, INC. and ALVIN A. BRESCANI are collectively referred to herein as "BRESCIANI") and JUNGO RANCHES, LLLP, an Idaho Limited Liability Limited Partnership, ROE corporations 1-10 (inclusive) (hereinafter, jointly and severally, also referred to as, "Defendants").

///

///

## I. PARTIES

1. Plaintiff was at all times relevant to this Complaint conducting a "hay cubing" business in Storey County, Nevada, where the Plaintiff purchases and stores hay and produce hay cube farm products for consumption by animals. The Plaintiff is a "Produce vendor" as the term is defined in NRS 576.0175.

2. Defendant BRESCIANI HAY COMPANY, INC. is and at all times relevant to this Complaint was a Nevada corporation licensed by the Nevada Department of Agriculture ("NDA") as an Agriculture Dealer License No. 216, with its principal place of business in Washoe County, Nevada and was actively engaged in the sale of farm products to customers in the State of Nevada and the State of California, including to the Plaintiff.

3. Defendant ALVIN A. BRESCANI, an individual is and was at all times relevant hereto a resident of Washoe County, Nevada.

4. Defendant JUNGO RANCHES, LLLP, is an Idaho Limited Liability Limited Partnership actively conducting business in the State of Nevada, including by owning and operating Jungo Ranch located in Orovada, Humboldt County, Nevada.

5. Defendant and/or ROE Corporations 1-10, and each of them, are corporations or other business entities whose forms are unknown who have, and are, doing business in the judicial district of the above-captioned court.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOE individuals 1-10 (inclusive) and ROE corporations 1-10 (inclusive), and each of them, are unknown to Plaintiff at this time and Plaintiff therefore sue said Defendants by such fictitious names. Plaintiff allege, on information and belief, that each DOE/ROE defendant is responsible for the actions herein alleged and will seek leave of Court to amend this Complaint when the names of said defendants have been ascertained.

7. Plaintiff is informed and believe, and thereon allege, that at all times material hereto and mentioned herein, each of the Defendants sued herein (both named and fictitious) were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture,

division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendants.

8. At all times mentioned herein, Defendants were engaged in the business of selling farm products to customers in the State of Nevada and California.

9. Plaintiff is informed and believes, and thereon alleges that each and every one of the Defendants are responsible in some manner, either by act or omission for the occurrences herein alleged, and that Plaintiff injuries, as herein alleged, were proximately caused by the conduct of Defendants as described below.

10. At all times herein mentioned, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants as described below.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all material times relevant to this Complaint, performed the acts alleged herein and/or otherwise conducted business in Nevada.

12. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, including without limitation those Defendants herein sued as DOES or ROES, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, or were the agents or employees of the others in doing the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together.

13. The instant action in part arises out of transactions in which BRESCIANI Defendants failed to disclose important material information to Plaintiff and/or otherwise made false statements of fact to the Plaintiff regarding the sale of farm products.

14. This action also concerns BRESCIANI Defendants' fraudulent omissions and its unlawful, fraudulent and unfair business acts or practices.

///
///

COMPLAINT                                                                                                                                 3

## II. JURISDICTION AND VENUE

15. The above-captioned Court has subject matter jurisdiction pursuant to Nevada Revised Statutes ("NRS") 3.221 and NRS 4.370, as the amount in controversy exceeds fifteen dollars ($15,000.00).

16. Venue is properly in the above-captioned Court because:

a) the Plaintiff's property in question is located in Storey County,

b) the transactions related to the same occurred in Storey County,

c) the events and omissions giving rise to the claims for relief detailed herein below occurred in Storey County,

d) it has personal jurisdiction over the Plaintiff in this action, and

e) it has personal jurisdiction over the Defendants who are either individuals residing in Nevada or corporations, partnerships, or companies regularly doing business in the State of Nevada and in Storey County.

## III. STATEMENT OF FACT

### i. The Jungo Farms Contract

17. On December 19, 2019, the Plaintiff and the BRESCIANI entered into an Contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract").

18. The Jungo Contract was executed in Storey County, Nevada.

19. In forming the Jungo Contract, BRESCIANI was acting as a broker and/or agent of Defendant JUNGO RANCHES, LLLP with the express consent of JUNGO RANCHES, LLLP to sell hay grown on Jungo Ranch.

20. Also on December 19, 2020 BRESCIANI executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract.

21. The Jungo Contract provided that in exchange for the Plaintiff providing BRESCIANI with a $620,000 deposit, the Plaintiff would pay BRESCIANI $10 per ton on 3840 tons of hay toward repayment of the deposit. After the Plaintiff had been repaid the $620,000 deposit, Jungo Contract contained profit sharing terms for additional hay to be delivered from Jungo Ranch that were favorable to BRESCIANI.

22. At the conclusion of the 2019-2020 Hay Season, BRESCIANI had only

provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract leaving a balance on the agreement of $127,398.65.

23. The Plaintiff is informed and believes that Defendant JUNGO RANCHES, LLLP received the $620,000 deposit given to BRESCIANI by the Plaintiff.

24. BRESCIANI breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to BRESCIANI by the Plaintiff.

25. Further, from July 14, 2020 to August 18, 2020, BRESCIANI removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff to be delivered to BRESCIANI's other customers. However, BRESCIANI never paid the Plaintiff for this hay. Thus, included the balance on the agreement of $127,398.65, BRESCIANI owes the Plaintiff is $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully taken by BRESCIANI.

26. JUNGO RANCHES, LLLP received the value paid by the Plaintiff to BRESCIANI for the hay produced by JUNGO RANCHES, LLLP as described in the Jungo Contract, but this hay was never delivered to the Plaintiff.

*ii. The Taylor Farms Contract*

27. During the 2019-2020 growing season, the Plaintiff had purchased hay from Taylor Farms, which hay the Plaintiff's had the right to resell on the open market.

28. Between June 31, 2020 and August 3, 2020, BRESCIANI removed seven truckloads of hay that belonged to the Plaintiff valued at over $39,000 from Taylor Farms without the Plaintiff's knowledge or express consent.

29. On August 4, 2020, BRESCIANI approached the Plaintiff about purchasing the Plaintiff's hay from Taylor Farms. On that same date, Plaintiff and BRESCIANI entered into an agreement to sell the Plaintiff's interest in approximately 584 tons of hay from Taylor Farms to BRESCIANI ("the Taylor Contract").

30. At the time the Taylor Contract was executed on August 4, 2020, the Plaintiff was not aware that from June 28, 2020 to August 3, 2020, BRESCIANI had already been removing the Plaintiff's hay from Taylor Farms, nor did BRESCIANI communicate this fact to the Plaintiff.

31. On August 5, 2020, BRESCIANI issued a check to the Plaintiff for the amount

COMPLAINT                                                                                                    5

of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be removed from Taylor Farms by BRESCIANI under the Taylor Contract.

32. On August 5, 2020, the Plaintiff received notice from Bank of America that the BRESCIANI's check for $67,160 was returned due to insufficient funds to cover the check.

33. On August 7, 2020, the Plaintiff sent BRESCIANI a letter via certified mail return receipt requested informing BRESCIANI that the BRESCIANI's check for $67,160 was returned for insufficient funds.

34. BRESCIANI removed approximately $50,793 in hay (441,680 pounds) from Taylor Farms in total, which BRESCIANI fraudulently obtained, and still has not paid for.

35. To date, BRESCIANI has not responded to the Plaintiff's letter nor tendered payment to the Plaintiff to cover BRESCIANI's check for $67,160 was returned for insufficient funds. Further, the Plaintiff has repeatedly reached out to BRESCIANI to resolve the disputes described herein, but BRESCIANI has refused to accept the Plaintiff phone calls.

36. BRESCIANI defrauded the Plaintiff of the $50,793 in hay (441,680 pounds) from Taylor Farms by obtaining the Plaintiff's consent to remove the hay by passing a fraudulent check and by initially removing the hay without the Plaintiff's knowledge or consent.

37. BRESCIANI's unlawful, fraudulent, untrue and/or deceptive acts and/or practices were committed with willful and wanton disregard for the rights of the Plaintiff.

## IV. CLAIMS FOR RELIEF

### Fraud

### (against BRESCIANI)

38. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

39. BRESCIANI removed the Plaintiff's hay from Taylor Farms without the consent of the Plaintiff and/or under the fraudulent representation that the hay had been paid for by BRESCIANI.

40. Said fraud was not known to Plaintiff and, at all times relevant, BRESCIANI failed to disclose and/or actively concealed by BRESCIANI.

COMPLAINT                                                                                         6

41. BRESCIANI engaged in a purposeful and fraudulent scheme not reasonably discoverable by Plaintiff to defraud the Plaintiff of their property.

42. BRESCIANI purposefully and intentionally devised this scheme to defraud and/or mislead the Plaintiff in order to deprive the Plaintiff of their property.

43. As a direct and proximate result of BRESCIANI's fraud, Plaintiff have suffered damages which include, but are not limited to, loss of the Plaintiff property, monies paid or agreed to be paid, and the loss of the financial benefits therefrom.

44. Plaintiff seek to recover damages based upon a claim of fraud grounded in BRESCIANI's intentional misrepresentations, concealment of information, and/or negligent misrepresentations as described above. *See Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1415 (D. Nev. 1995).

## Breach of Implied Covenant of Good Faith and Fair Dealing
### (against BRESCIANI)

45. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

46. BRESCIANI has knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or fraudulent omissions to mislead and/or deceive Plaintiff.

47. BRESCIANI's breaches, as alleged herein, were committed with willful and wanton disregard for whether the BRESCIANI had actually paid lawful money for the Plaintiff's property.

48. As a result of BRESCIANI's conduct, Plaintiff have suffered damages of a nature and amount to be proved at trial.

49. In addition, as a direct and proximate result of the aforesaid misconduct, Plaintiff suffered damages in an amount to be proved at trial.

## Breach of Contract
### (against BRESCIANI and JUNGO RANCHES, LLLP)

50. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

51. The Plaintiff and the BRESCIANI and JUNGO RANCHES, LLLP entered

into a contract for the sale of hay.

52. Defendant JUNGO RANCHES, LLLP is a third-party beneficiary of the Jungo Contract.

53. The Plaintiff paid the Defendants consideration for the delivery of the hay.

54. The Defendant has breached the contract by failing to deliver the hay as promised in the Contract.

55. As a result of Defendants' conduct, Plaintiff have suffered damages of a nature and amount to be proved at trial.

### NRS 41.660 – Passing a Bad Check
### (against BRESCIANI)

56. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

57. BRESCIANI drafted a check to the Plaintiff's for $67,160 from an account with insufficient funds to cover the check.

58. BRESCIANI check was returned by BRESCIANI's bank for being drawn on an account with insufficient funds to cover the check.

59. The Plaintiff issued a demand for payment to the BRESCIANI via certified mail.

60. BRESCIANI has failed to respond to the demand for payment from the Plaintiff.

61. As a result of BRESCIANI's conduct, Plaintiff have suffered damages of a nature and amount to be proved at trial.

### Conversion
### (against BRESCIANI)

62. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

63. The BRESCIANI substantially changed, wrongfully appropriated, damaged and/or maliciously destroyed the Plaintiff's personal property.

64. The above-described actions by BRESCIANI amount to the conversion of the Plaintiff's personal property.

65. As a direct and proximate result of the BRESCIANI converting the Plaintiff's personal property, the Plaintiff has suffered and continue to suffer damages.

### Exemplary Damages
### (against BRESCIANI)

66. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat.

67. BRESCIANI's conduct was oppressive, fraudulent, and malicious.

68. BRESCIANI acted with knowledge of the probable harmful consequences of defrauding the Plaintiff.

69. As such, the Plaintiff seeks an award of exemplary and punitive damages against BRESCIANI as permitted by NRS 42.005.

### Unjust Enrichment
### (against BRESCIANI and JUNGO RANCHES, LLLP)

70. Plaintiff incorporates all preceding paragraphs as though each were fully set forth verbatim hereat..

71. A benefit of the Jungo Contract, i.e. the Plaintiff's deposit of $620,000, was conferred on BRESCIANI and JUNGO RANCHES, LLLP.

72. BRESCIANI and JUNGO RANCHES, LLLP knew of the benefit conferred.

73. BRESCIANI and JUNGO RANCHES, LLLP accepted the benefit conferred

74. Retention of the remainder of the $127,398.65 benefit by BRESCIANI and JUNGO RANCHES, LLLP is unjust and inequitable without paying its reasonable value to the Plaintiff.

///
///
///
///
///
///
///
///

## PRAYER

WHEREFORE, Plaintiff pray for judgment against the Defendants as follows as applicable to each Defendant:

a) Enter a declaratory judgment pursuant to NRS 30.030 that the actions complained of herein are unlawful;

b) For actual damages according to proof;

c) For compensatory damages as permitted by law;

d) For consequential damages as permitted by law;

e) For statutory damages as permitted by law;

f) For exemplary damages as permitted by law, including NRS 41.620;

g) For rescission;

h) For equitable relief, including restitution;

i) For interest as permitted by law;

j) For reasonable attorneys' fees and costs; and

k) For such other relief as is just and proper

## NRS 239B.030(4) AFFIRMATION

I certify that this filing includes no social security numbers or other personal information.

Respectfully submitted this 1-4-2021

By: _____

Luke Andrew Busby, Ltd.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*

## VERIFICATION

I Mark Menezes, declare that the assertions in this Verification are true and correct to the best of my knowledge and belief:

(1) That I am an officer or agent of HERMAN MENEZES, LLC identified in the forgoing COMPLAINT; and

(2) That I have read the foregoing COMPLAINT and know the Allegations of Fact listed therein, that I believe the allegations of fact to be the truth, and am competent to testify thereto:

I declare under penalty of perjury that the foregoing Verification is true and correct to the best of my knowledge and belief.

Executed on  1-4-2021  in  Storey  County, Nevada.

_____
Mark Menezes

COMPLAINT                                                                                           11