# Exhibit 3

# Exhibit 3



# IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA,

## IN AND FOR STOREY COUNTY

★ ★ ★

HERMAN MENEZES, LLC, a Nevada Limited
Liability Company

                Plaintiff,

vs.

BRESCIANI HAY COMPANY, INC., a Nevada
Corporation, and ALVIN A. BRESCIANI, an
Individual, and JUNGO RANCHES, LLLP, an
Idaho Limited Liability Limited Partnership, and
DOE individuals 1-10 inclusive, and ROE
corporations 1-10, inclusive,

                Defendants.

CASE NO: 21 OC 00001 – 1E

DEPT NO: 1

## ORDER STRIKING ANSWER AND GRANTING DEFAULT JUDGMENT

## AGAINST BRESCIANI DEFENDANTS ON LIABILITY FOR FAILURE TO

## COMPLY WITH COURT ORDERS

This matter involves disputes involving the purchase and sale of hay between Plainitff

HERMAN MENEZES, LLC, a Nevada Limited Liability Company and BRESCIANI HAY

1

COMPANY, INC., a Nevada Corporation, and ALVIN A. BRESCIANI, an Individual (collectively "Bresciani")

The Plaintiff has asserted the following claims against Mr. Bresciani and his company: breach of contract, unjust enrichment, fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and for exemplary damages.

The Plaintiff alleges the following facts in the January 4, 2021 Complaint:

On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the purchase of hay owned by the Plaintiff.

On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds.

On August 7, 2020, the Plaintiff sent Bresciani a letter via certified mail return receipt requested informing Bresciani that the check for $67,160 was returned for insufficient funds. Bresciani did not respond to the Plaintiff's letter nor tender payment to the Plaintiff to cover Bresciani's check for $67,160.

Around the time the check discussed above was issued, Bresciani removed approximately $50,793 in hay (441,680 pounds) from Taylor Farms, which Bresciani obtained based on the bad check.

The Plaintiff also alleges that Bresciani also failed to deliver approximately $127,000 worth of hay from Jungo Ranches that was owed to the Plaintiff under a separate agreement.

The facts asserted as alleged in the Plaintiff's Complaint are supported by the Verification of Mark Menezes, an officer of the Plaintiff, which is attached to the Complaint.

On March 3, 2021, Bresciani filed an Answer to the Complaint denying the Plaintiff's claims, generally.

On August 4, 2021, the Court issued an order as a result of a motion to compel filed by the Plaintiff. The August 4, 2021 order directed Bresciani to provide initial NRCP 16.1 disclosures by August 16, 2021, and sanctioned Bresciani $1,000 in attorney's fees payable to counsel for the Plaintiff within 10 days of the date of service of the order.

On August 25, 2021, this Court entered an order directing Bresciani to appear and show cause why he should not be sanctioned and/or held in contempt of court for failure to comply with the August 4, 2021 order.

On September 27, 2021 the Court entered another order again compelling and ordering Bresciani to provide complete NRCP 16.1 initial disclosures by October 24, 2021. The September 27, 2021 Order also directed Brescinai to pay $100 per month towards the $1,000 sanction of attorney's fees payable to counsel for the Plaintiff. The September 27, 2921 order also expressly stated that failure of Bresciani to strictly comply with the terms of the order may be treated as a contempt against this Court and will result in entry of default against Bresciani under NRCP 37.

On November 22, 2021, this Court issued another order directing Bresciani to show cause why he should not be sanctioned or held in contempt for failure to comply with the Court's August 4, 2021 and September 27, 2021 orders. In the November 22, 2021 order, the Court directed Bresciani to appear on December 17, 2021. On December 3, 2021, the Plaintiff filed a Notice of Return of Certified Mail Receipt for Notice of Entry of Order to Show Cause, showing that the Court's November 22, 2021 order was served on Bresciani's

counsel on November 26, 2021.  Yet, neither Bresciani nor his counsel appeared at the December 17, 2021 hearing.

**Analysis**

The record before the Court indicates that Bresciani has repeatedly failed to comply with the Court's orders by paying the sanction or by making complete NRCP 16.1 disclosures, despite the multiple orders from the Court directing him to do so over a period spanning several months.  Further, Bresciani failed to obey this Court's November 22, 2021 order to appear and show cause on December 17, 2021 why he should not be held in contempt or further sanctioned.

NRCP  37(b)(1) provides that if a party refuses to obey a discovery order the Court may issue further just orders, including and order striking pleadings under subsection (C) and rendering default judgment under subsection (F).  Bresciani and his counsel have no reasonable grounds to refuse or fail to comply with the Court's August 4, 2021 order, September 27, 2021 order, or November 22, 2021 order.  Courts have inherent powers to dismiss actions or enter default judgments for abusive litigation practices. *Young v. Johnny Ribeiro Bldg., Inc.,* 106 Nev. 88, 787 P.2d 777 (1990).

In assessing the appropriate degree of sanction, factors can include the degree of willfulness, the extent to which the non-offending party would be prejudiced by a lesser sanction, the severity of the sanction relative to the severity of the abuse, whether any evidence has been irreparably lost, the fairness of alternative sanctions, the policy favoring adjudication on the merits, whether sanctions unfairly operate to penalize a party for the misconduct of his attorney. *Young v. Johnny Ribeiro Bldg., Inc.,* at 93.  These factors all weigh in

favor of case terminating sanctions against Bresciani because of the willful nature of the non-compliance of Bresciani. "[S]anctions may only be imposed where there has been willful noncompliance with a court order or where the adversary process has been halted by the actions of the unresponsive party." *GNLV Corp. v. Serv. Control Corp.*, 111 Nev. 866, 869, 900 P.2d 323, 325 (1995). While case-terminating sanctions are a "last resort, appropriate only when no lesser sanction will do," in this case the lesser sanctions already imposed by this Court have not resulted in compliance by Bresciani. *MDB Trucking, LLC v. Versa Prods. Co.*, 475 P.3d 397, 400 (Nev. 2020).

Bresciani has demonstrated repeated and willful noncompliance with the requirements of NRCP 16.1 and the Court's Orders, and the adversary process has been completely halted by the actions of Bresciani. In light of the failure of Brescaini to provide complete NRCP 16.1 disclosures, to pay the sanction as directed by the Court, or even to appear before the Court when directed to do so, the more serious sanctions available under NRCP 37(b)(C) and (F) are justified and will be imposed by the Court, including striking Bresciani's answer and rendering default judgment against Bresciani.

///

///

///

///

///

///

///

BASED ON THE FOREGOING, the March 3, 2021 Answer filed by Defendants BRESCIANI HAY COMPANY, INC., a Nevada Corporation, and ALVIN A. BRESCIANI, an Individual, is **STRICKEN** and **DEFAULT JUDGMENT** on liability is entered in favor of HERMAN MENEZES, LLC.

The Plaintiff shall file a motion substantiating the damages claimed in this matter within 10 days of issuance of this Order, to which Defendant may respond in accordance with FJDCR 3.8.

**IT IS SO ORDERED**

Dated this __23__ of _December_, _2021_.

By:_____

DISTRICT COURT JUDGE

Submitted By:

_____

LUKE A. BUSBY.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrebusbyltd.com
*Attorney for the Plaintiff*

6

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the First Judicial District Court, and that on December 22nd, 2021, I deposited for mailing, postage paid, at Carson City, Nevada, a true and correct copy of the foregoing Order addressed as follows:

Luke A. Busby, Esq.
316 California Avenue
Reno, NV  89509

Rendal B. Miller, Esq.
Miller Law, Inc.
115 W 5th Street
Winnemucca, NV 89445

Cliff Young, Esq.
Law Office of Cliff Young
650 S Rock Blvd., Ste 21A
Reno, NV  89502

Julie Harkleroad
Judicial Assistant, Dept. 1