Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.comMotio

Attorney for the Plaintiff
HERMAN MENEZES, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IN RE: | Case No. 3:22-bk-50266 |
| ALVIN A. BRESCIANI, | |
| Debtor. | Adv. Case No: 22-05012-hib |
| | Chapter 7 |
| HERMAN MENEZES, LLC | Hearing Date: June 21, 2023 |
| Plaintiff, | Hearing Time: 9:30 AM |
| Vs. | **REPLY TO RESPONSE TO SECOND MOTION FOR DEFAULT JUDGMENT UNDER FED. R. BANKR. P. 7055** |
| ALVIN BRESCIANI, | |
| Defendant. | |
| _____/ | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

COMES NOW, HERMAN MENEZES, LLC, by and through the undersigned counsel, and hereby files the following Reply to the June 7, 2023 Response to Plaintiff's Second Motion for Default Judgment against Defendant ALVIN BRESCIANI, under Fed. R. Bankr. P. 7055.

This Reply is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth herein haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

The procedural history of this case makes plain that Defendant has failed to plead or otherwise defend this case.  The Clerk of the Court has entered two defaults against the Defendant (ECF #12 and ECF #33).

After the Court set aside Defendant's first default, the Court issued an Order Setting Aside Default (ECF #30) in which the Court directed Defendant to file an answer to the Amended Complaint by Monday, March 13, 2023.  Before issuing this Order, at the February 9, 2023 hearing on Plaintiff's first Motion for Default Judgment, the Court expressly admonished Defendant that the Court would enter default judgment if he failed to respond to the Amended Complaint. Yet again, the Defendant did not do so. In fact, Defendant has not to date filed an answer, despite the Court's clear order.  Nor has Defendant filed a motion to set aside the second default entered by the Clerk of the Court.

Instead, Defendant has filed a response to Plaintiff's Second Motion for entry of Default Judgment in which Defendant argues an issue related to claim preclusion.  Defendant's "response" is nothing of the sort, as it does not explain or attempt to explain why Defendant, for many months, failed to plead or otherwise respond to Plainitff's Amended Complaint as required by the rules as

well as an express order from the Court, despite two defaults.  Further, the claim preclusion argument presented by Defendant is meritless and gets the issue related to claim preclusion completely backward.

The order from the case attached to Defendants Response, *Stratford v. Fontanez*, Case No. 20-13764 from the Northern District of Ohio involved a **creditor's** motion for judgment on the pleadings under FRCP 12(c). The creditor contended that she was entitled to a determination of nondischargeability based on the issue-preclusive effect of a default judgment entered ***against the debtor*** in state court. The Court determined that because the state court judgment did not address the merits of the claims at issue, it could not enter judgment on the pleadings in favor of the creditor on that basis.

The *Stratford v. Fontanez* case in no way stands for the proposition that a debtor may seek to dismiss a creditor's adversary proceeding because an underlying state court judgment sought to be given preclusive effect.  This interpretation sought by the defendants is an absurd result because it would allow any debtor to seek discharge of a fraudulent debt by simply not responding to pleadings in state court.

Further, the underlying Motion by the Plaintiff seeks judgment by default because the defendant simply failed to respond - issue preclusion is not raised. Because Plaintiff has never requested the court grant the underlying state court judgment preclusive effect, Defendant's discussion of issue preclusion standards in Nevada in *In Re Sandoval*, 126 Nev. 136, 139 (2010) is entirely irrelevant to Plaintiff's Second Motion for Default Judgment.

WHEREFORE, PLAINTIFF HEREBY MOVES: in accordance with Fed. R. Civ. P. 55(b)(2); Fed. R. Bankr. P. 7055. for default judgment against the Defendant and an order declaring that the $330,570.65 in damages plus

prejudgment and post-judgment interest in the amount of 6.75% owed to HERMAN MENEZES, LLC is non-dischargeable under the provisions of 11 U.S.C. § 523.

**DATED** this  Jun 13, 2023

By: */s/ Luke Busby, Esq.*
    LUKE A. BUSBY, ESQ.
    SBN 10319
    316 California Ave.
    Reno, NV 89509
    775-453-0112
    luke@lukeandrewbusbyltd.com
    *Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **REPLY TO RESPONSE TO SECOND MOTION FOR DEFAULT JUDGMENT UNDER FED. R. BANKR. P. 7055** by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

\_\_x\_\_\_ delivery via electronic means (fax, eflex, NEF, etc.) to:


Cliff J. Young Esq.
Bar No. 1233
650 So Rock Blvd Ste 21a
Reno NV 89502
(775)677-777
cliffyounglaw@yahoo.com
*Attorney for Alvin A. Bresciani*


By: /s/ Luke Busby, Esq.                  Jun 13, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*