Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.comMotio

Attorney for the Plaintiff
HERMAN MENEZES, LLC

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| IN RE: | Case No. 3:22-bk-50266-hlb |
| ALVIN A. BRESCIANI, an individual | |
| Debtor. | Adv. Case No: 22-05012-hlb |
| | Chapter 7 |
| HERMAN MENEZES, LLC, a Nevada Limited Liability Company, | Hearing Date: 11/9/2023 |
| | Hearing Time: 10:00 a.m. |
| Plaintiff, | **MOTION FOR SUMMARY JUDGMENT** |
| Vs. | |
| ALVIN BRESCIANI, an individual, | |
| Defendant. | |

**TO THE COURT AND ALL PARTIES IN INTEREST:**

///

COMES NOW, HERMAN MENEZES, LLC, by and through the undersigned counsel, and hereby files the following Motion for Summary Judgment against Defendant ALVIN BRESCIANI, under Fed R. Civ. P. 56 and Fed. R. Bankr. P. 7056.

This Motion is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth herein haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

Pursuant to LR 9014.2, Plaintiff consents to final judgment being entered by this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Procedural Background

On May 16, 2022, the Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, thereby initiating bankruptcy case number 3:22-bk-50266, in the U.S. Bankruptcy Court for the District of Nevada. In Schedule F, filed concurrently with the petition, Defendant disclosed unsecured creditors' holdings debts totaling $5,838,503.00, including:
Herman Menezes, LLC, Unpaid for Product, $330,600.00.

On August 29, 2022, Plaintiff timely filed an adversary complaint to object to the dischargeability of the debt owed by Defendant to Plaintiff pursuant to 11 U.S.C. § 523.

### II. Undisputed Facts

On December 19, 2019, the Plaintiff and the Bresciani entered into a contract for approximately 3,840 tons of Organic Alfalfa Hay to be produced by

Jungo Ranch for the 2019-2020 hay season to be sold to the Plaintiff ("the Jungo Contract"). *See* Exhibit 1.

The Jungo Contract was executed in Storey County, Nevada. Also, on December 19, 2020, Bresciani executed a promissory note in favor of the Plaintiff in the amount of $620,000 to secure the Jungo Contract. *Id.* The Jungo Contract provided that in exchange for the Plaintiff providing Bresciani with a $620,000 deposit, the Plaintiff would pay Bresciani $10 per ton on 3840 tons of hay toward repayment of the deposit. Id. By virtue of this agreement, Plaintiff was entitled to the hay grown at Jungo Ranch in a sufficient amount to repay the deposit.

At the conclusion of the 2019-2020 Hay Season, Bresciani had only provided Plaintiff sufficient hay to cover $492,601.35 of the $620,000 deposit, under the Jungo Contract, leaving a balance on the agreement of $127,398.65. See Exhibit 2.

Bresciani breached the Jungo Contract by failing to deliver enough hay to cover the $620,000 deposit given to Bresciani by the Plaintiff. Further, from July 14, 2020 to August 18, 2020, Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff and delivered the Plaintiff's hay to Bresciani's other customers. Thus, including the balance on the agreement of $127,398.65, Bresciani owes the Plaintiff $38,392.35, plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff wrongfully and fraudulently taken by Bresciani. This hay was never delivered to the Plaintiff because Bresciani fraudulently took the Plaintiff's hay and delivered the hay belonging to the Plaintiff to his other customers.

On August 5, 2020, Bresciani issued a check to the Plaintiff for the amount of $67,160 as a deposit to cover the cost of the hay owned by the Plaintiff to be

removed from Taylor Farms by Bresciani. On August 5, 2020, the Plaintiff received notice from Bank of America that Bresciani's check for $67,160 was returned due to insufficient funds to cover the check. See Exhibit 3.

On August 7, 2020, Plaintiff sent Bresciani a letter via certified mail return receipt informing Bresciani that the check for $67,160 was returned for insufficient funds. See Exhibit 4.

Further, Bresciani removed approximately $50,793 in hay (221 Tons) from Taylor Farms in total, which Bresciani fraudulently obtained, and still has not paid for. See Exhibit 5. Thus the Plaintiff incurred additional actual damages of $50,793 as a result of Bresciani passing a bad check.

On January 4, 2021, the Plaintiff filed a Complaint against Mr. Bresciani and Bresciani Hay Company, Inc. before the First Judicial District Court in and for Storey County, and asserted the following claims: fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, for conversion, and exemplary damages against Mr. Bresciani and his company. See Exhibit 6, attached hereto. The facts underlying the complaint are verified by Mark Menezes, a manager for the Plaintiff. See *Id.* at 11.

After Bresciani failed to follow multiple orders of the court related to discovery, the Court struck Bresciani's answer and rendered default judgment in favor of the Plaintiffs in a December 23, 2021 Order. See Exhibit 7, attached hereto.

On January 28, 2022, after a Motion for Damages (See Exhibit 8). The Declaration of Mark Menezes supported the Motion for Damages in Exhibit 8 at page 8 of Exhibit 8, in which Mr. Menezes authenticated the relevant documents supporting the damage claim.

After Brescinai did not respond to the Motion for Damages, the Nevada District Court issued an order awarding $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75%. See Exhibit 9, attached hereto.

## III. Argument

### a. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, an order granting summary judgment should be issued only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). In a summary judgment motion, the trial court is to perform a "threshold inquiry of determining whether there is a need for a trial." *Taybron v. City and County of San Francisco*, 341 F.3d 957, 959 (9th Cir. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). Summary judgment should be granted if, taking the evidence and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party, there are no genuine issues of material fact. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). An issue of material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial. See *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999).

### b. There is otherwise no genuine issue of material fact as to whether the claim is dischargeable.

11 U.S.C. §523(a)(2)(A) provides that money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition, is not dischargeable. As evidenced by the records from the state court proceeding below, Mr. Bresciani obtained the money and property of the Plaintiff via false pretenses, false representations, and/or actual fraud.

The undisputed facts show that Bresciani removed approximately 404 tons of hay from Jungo Ranch belonging to Plaintiff and delivered Plaintiff's hay to Bresciani's other customers - effectively stealing hay that Plaintiff purchased and providing it to other customers.  Bresciani made false representations to the Plaintiff that he had the funds to pay for the hay from Taylor Farms, wrote a hot check to the Plaintiff such that he could obtain permission to remove the hay from Taylor Farms, and actually removed the hay from Taylor Farms based on this fraudulent claim to the Plaintiff.

In other words, Bresciani stole about 404 tons of hay belonging to Plaintiff from Jungo Ranch and sold it to other customers. This was a fraud.  Bresciani lied to the Plaintiff, claiming he could pay for the hay from Taylor Farms. This was a false representation.  He then wrote a bad check to the Plaintiff to get permission to take the hay from Taylor Farms and actually did so based on this deceptive promise.  This was both a false representation and actual fraud.

///

///

///

///

///

WHEREFORE, PLAINTIFF HEREBY MOVES: in accordance with Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. for summary judgment against the Defendant and an order declaring that the $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75% owed to HERMAN MENEZES, LLC is non-dischargeable under the provisions of 11 U.S.C. § 523.

**DATED** this  Sep 19, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

7

**Exhibits**

1. Contract and Promissory Note
2. Jungo Recap
3. Bounced Check from BOA
4. Certified Letter re Bounced Check
5. Taylor Farms Records
6. January 4, 2021 Complaint
7. December 22, 2021 Order Granting Default Judgment
8. January 3, 2022 Motion for Damages
9. January 28, 2022 Order of Damages on Default Judgment

**CERTIFICATE OF SERVICE**

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **MOTION FOR SUMMARY JUDGMENT** by:

\_\_\_\_\_ personally delivering;

\_\_\_\_\_ delivery via Reno/Carson Messenger Service;

\_\_\_\_\_ sending via Federal Express (or other overnight delivery service);

\_\_\_\_\_ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

__x__ delivery via electronic means (fax, eflex, NEF, etc.) to:

Law Office of Cliff Young
Cliff Young
650 S. Rock Blvd., Ste. 21A
Reno, NV 89502
*Counsel for Alvin Bresciani*

By: /s/ Luke Busby, Esq._____       Sep 19, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
Attorney for the Plaintiff