Cliff J. Young, Esq.
NBN 1233
650 S. Rock Blvd #21-A
Reno, NV 89502
Tel: (775) 677-7777
Fax: (775) 786-3388
Attorney for ALVIN A. BRESCIANI

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALVIN A. BRESCIANI,<br>        Debtor, | BK: 3:22-bk-50266-hlb<br>Chapter :7<br>Adv.No: 22-05012 nmc |
| HERMAN MENEZES, LLC,<br>        Plaintiff, | **OPPOSITION TO MOTION FOR**<br>**SUMMARY JUDGMENT** |
| vs.<br>ALVIN BRESCIANI,<br>        Defendant. | |

**COMES NOW,** CLIFF J. YOUNG, ESQ., attorney of record for Debtor, ALVIN A. BRESCIANI, and hereby files the following Opposition to Motion for Summary Judgment. This Opposition is made and based on the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto, incorporated by reference, as well as the points and authorities set forth directly hereinafter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. **Procedural Background**

Debtor does not dispute the statement of case history for this bankruptcy.

2. **Disputed Facts**

Alvin Bresciani was a hay broker who did business with Herman Menezes LLC for a long period of time. Jungo Ranch was a separately owned entity that also contracted with Bresciani for transporting hay. Bresciani had no ownership interest in Jungo Ranch or ability to restrict to whom Jungo Ranch sold their hay. One of the problems of being a hay broker is that when Bresciani purchased hay from one vendor, such as Jungo

Page 1

Ranch and delivered the hay to a purchaser, such as Menezes, if the hay got rained on in transport, it would be rejected. Bresciani was stuck with rejected hay time and again and had to sell it for a huge loss. The contract provided the "Hay is to be clean and green. No rained on or "hot" bales". Plaintiff's rejection of rain damaged hay started Bresciani's financial difficulty. There were also issues about Plaintiff not producing the necessary weigh slips and mixing several contracts, making the accounting confusing.

The 2019 agreement Menezes provided as Exhibit "1" on his Motion for Summary Judgement (MSJ) had Bresciani to deliver Organic Alfalfa hay of a particular quality (tests of 53.9 and below) when it was ready. This contact was not an exclusive on all hay that Bresciani purchased from Jumbo Ranch. It was unique in that the contract provided, "After we receive the full $620,000.00 and the $10.00 per ton, we will share profits. Alvin will receive $5.00 per ton on hay with tests of 53.9 and below. The profits on hay with tests of 54 and above will be split 50/50 between Alvin and ourselves.

Menendez's MSJ alleges that "Bresciani owe him $38,392.35 plus commission for the approximately 404 tons of hay from Jungo Ranch belonging to the Plaintiff. (MSJ p. 3, line 21). Bresciani disputed that he owed Menezes that commission on hay that he brokered from Jumbo Farms for another buyer.

During the course of the state court action, Mr. Bresciani's probation was revoked. His incarceration interfered with Judge Russell's Order that Bresciani provide NRCP 16.1 disclosures by August 16 2021 and pay $1,000 in attorney fees within 10 days. Counsel filed a 16.1 statement, which listed his witnesses and basically stated Mr. Bresciani did not have any further disclosures. Plaintiff's Exhibit '7" outlines the frustrations the state court had regarding non-compliance, disregarding the fact that Mr. Bresciani was in jail the whole time and his counsel did not receive a certified letter on the notice of Hearing on December 17th. See Bresciani's Opposition to Plaintiff Hermean Mendez. LLC's Second Motion for Order to Show Cause Why Defendants Bresciani Hay Company, Inc., and Alvin Bresciani Should not Be Sanctioned and/or

Held in Contempt of Court for Failure to Comply with Court Orders (11-15-21) attached as Exhibit "A". The state court struck Bresciani's answer and rendered a default judgment against Bresciani. Bresciani filed a Motion For Reconsideration (dated 12-27-21) attached as Exhibit "B", and a Reply to Plaintiff Herman Menedes, LLC Response in Opposition to Motion for Reconsideration, attached as Exhibit "C". There are many facts regarding Bresciani's participation in the litigation that demonstrate he did not willfully ignore participation in discovery.

Mr. Busby prepared the final order, attached to MSJ Exhibit "7", and nowhere in the 12/23/2021 Order Striking Answer and Granting Default Judgment Against Bresciani Defendants on Liability for Failure to Comply with Court Orders does the Court address any finding of fraud, or that the damages were exemplary or punitive. The Order Granting … Award of Damages, dated 1-28-2022, submitted by Mr. Busby, did not specify that those damages were non-dischargable, as exemplary or punitive damages. There is no finding of fraud. The Order only stated that $330,570.65 in damages was awarded to Plaintiff against Alvin Bresciani and Bresciani Hay Company, Inc. jointly and severally plus interest.

In order for the State Court to award exemplary damages under 42.005, the law provides as follows:

    1. Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant…

The parties had substantial performance of their contract for eight months. There was no finding by clear and convincing evidence that the hay Bresciani removed from Taylor Farms under a separate contract should have been ear-marked or owned by Menezes based on his deposit for Bresciani to purchase such hay when cut. Hay is not unique, like real estate. There was no evidence that the hay brokered from Taylor Farms met the strict guidelines of the Menezes contract.

There is no dispute that Mr. Bresciani made numerous deliveries of hay towards the money advanced by Menezes. See Plaintiff's MSJ Exhibits 1, 2 & 5. It's complete speculation on a question of fact as to whether when Bresciani and Menezes signed the contract on 12-19-19 that Bresciani knew he would present a check to Menezes with non-sufficient funds eight months later. Consumer Protection Law is defined in NEV. REV. STAT. §§ 598.1305, 598.0915(15), 598.096, and 598.0963.

### 3. Argument – Standard of Review

In order to grant a motion for summary judgment, the movant must show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The controlling substantive law determines "which factual disputes are material and will preclude summary judgment; other factual disputes are irrelevant." *Wood v. Safeway, Inc.*, 121 Nev. 724, 731, 121 P.3d 1026, 1031 (2005). A court must review the "in the light most favorable to the nonmoving party, and all of the non-movant's statements must be accepted as true." *Shoen v. Amerco, Inc.*, 111 Nev. 735, 740, 896 P.2d 469, 472 (1995). To defeat summary judgment, the nonmoving party must transcend the pleadings, and by affidavit or other admissible evidence, introduce specific facts that show a genuine issue of material fact. *Cuzze v. Univ. & Cmty. Col. Sys. of Nevada*, 123 Nev. 598, 603, 172 P.3d 131, (2007).

11 U.S.C. Section 523(a)(2)(A) asks simply whether the "debt" is "for money * * * obtained by * * * actual fraud." 11 U.S.C. 523(a)(2)(A); see *In re M.M. Winkler & Assocs.*, 239 F.3d 746, 749 (5th Cir. 2001) ("The statute focuses on the character of the debt, not the culpability of the debtor."). "Once that determination is made, the only remaining question is who is liable, directly or vicariously, for the obligation as a matter of applicable state law." Lawrence Ponoroff, Vicarious Thrills: The Case for Application of Agency Rules in Bankruptcy Dischargeability Litigation, 70 Tul. L. Rev. 2515, 2550 (1998).

A creditor that challenges the dischargeability of a debt under section 523(a)(2)(A) currently has the burden to show:

- the debtor knowingly made misrepresentations;
- the debtor intended to deceive the creditor when making these misrepresentations; and

- the creditor justifiably relied on the representation, which proximately caused the creditor's damages. *Hashemi*, 104 F.3d at 1125

- The question is whether a prebankruptcy default judgment can make a debt conclusively nondischargeable in bankruptcy without any presentation of evidence of the debtor's wrongdoing.

- A hypothetical fact pattern will help illustrate the problem. A creditor sues an individual to collect a debt. The defendant does not appear at the state court hearing because her employer will not excuse her from work or because she cannot afford an attorney. In the defendant's absence, the judge enters a default judgment. The creditor included a charge of fraud in the order submitted to the court. Later, the defendant files for bankruptcy. The creditor in the prior lawsuit alleges that the debt is nondischargeable because the default judgment includes a claim of fraud. While the debtor asserts that she did not commit fraud, and that the debt should not be treated differently from her other debts that are being discharged, the creditor states that she cannot make that claim because the default judgment refers to fraud and therefore the issue has been established conclusively.

- Under federal issue preclusion doctrine, the debtor would have an opportunity to contest the charge of fraud in the context of nondischargeability because the issue was never actually litigated in state court. *See, e.g.,* Allen v. McCurry, 449 U.S. 90, 94 (1980), citing *Montana v. United States*, 440 U.S. 147, 153 (1979); *Klingman v. Levinson* 831 F.2d 1292, 1295 (7th Cir. 1987) This is consistent with the general rule on issue preclusion set forth in the Restatement (Second) of Judgments (1982). *See, e.g.,* Bay Area Factors v. Calvert, 105 F.3d 315 (6th Cir. 1997) (precluding relitigation of fraud after California court default judgment that contained no specific findings of fraud); *Gayden v. Nourbakhsh*, 67 F.3d 798 (9th Cir. 1995

- When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is

conclusive in a subsequent action between the parties, whether on the same or a different claim.  See Letter from Christopher S. Moffitt, NBRC Recommendations Concerning Issue Preclusion (September 11, 1997) (noting that Fourth Circuit law has weakened "actual litigation" standard and uses elastic standard as to what constitutes valid binding judgment of court, thus advocating use of federal issue preclusion standards, per se prohibition of default judgment, summary judgment, or consent judgment).

The complaint in state court in this matter contained alternative theories of recovery, and the state court made findings and conclusions about the damages without whether Bresciani's actions were willful an/or malicious preventing discharge.

In *Masciarelli v. Maco Supply Corp.*, 224 So.2d 329 (Fla. 1969), the court held that collateral estoppel (sometimes referred to in Florida case law as estoppel by judgment) bars relitigation of an issue decided by default judgment. *Id.* at 330; *see also Perez v. Rodriquez*, 349 So.2d 826, 827 (Fla.Dist.Ct. App. 1977) ("The law is clear that a default judgment conclusively establishes between the parties, so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action and every fact necessary to uphold the default judgment."); *Baum v. Pines Realty, Inc.*, 164 So.2d 517, 522 (Fla.Dist.Ct.App. 1964). *In re Nourbakhsh*, 67 F.3d 798, 800-1 (9th Cir. 1995). The full faith and credit requirement of § 1738 compels a bankruptcy court in a § 523(a)(2)(A) nondischargeability proceeding to give collateral estoppel effect to a prior state court judgment. The bankruptcy court and the BAP properly looked to Florida state law to determine the preclusive effect of the prior default judgment against Nourbakhsh. Under Florida collateral estoppel law, a default judgment bars relitigation of the same issues in a subsequent proceeding.

*In re Vierra*, 173 B.R. 417, 418 (Bankr.N.D.Cal. 1994), in which the bankruptcy court disagreed with the Panel's conclusion in *Nourbakhsh* that a default judgment met the actually litigated requirement. *See In re Nourbakhsh*, 162 B.R. 841, 844 (9th Cir. BAP 1994), *aff'd*, 67 F.3d 798 (9th Cir. 1995). However, the court reluctantly followed the BAP precedent, and applied collateral estoppel in determining a state court default judgment debt to be nondischargeable under § 523(a)(2).

In California, a default judgment satisfies the "actually litigated" requirement for the application of collateral estoppel. *Lake*, 202 B.R. at 757 n. 6; *Green*, 198 B.R. at 566 (citing *Four Star Elec., Inc. v. F H Constr.*, 7 Cal.App.4th 1375, 10 Cal.Rptr.2d 1, 5 (1992))." *In re Younie*, 211 B.R. 367, 375 (B.A.P. 9th Cir. 1997)

Based upon the above, the Defendants respectfully request this Court deny Plaintiff's Motion for Summary Judgment.

DATED: September 26, 2023.

Cliff J. Young, Esq.
Attorney for ALVIN A. BRESCIANI

## INDEX OF EXHIBITS

| Exhibit | Page(s) |
|---|---|
| A. Opposition to Motion Plaintiff's second Motion for Order to Show cause why Defendant's should not be sanctioned or held in contempt of court for failure to comply with court orders | 4 |
| B. Motion for Reconsideration | 20 |
| C. Reply to Plaintiff's Response in Opposition to Motion for Reconsideration. | 5 |