Luke Busby, Esq.
Nevada Bar No. 10319
316 California Ave. #82
Reno, Nevada 89509
(775) 453-0112
(775) 403-2192 (Fax)
luke@lukeandrewbusbyltd.com

*Attorney for the Plaintiff*
HERMAN MENEZES, LLC

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

* * *

IN RE:

ALVIN A. BRESCIANI, an individual

Debtor.

HERMAN MENEZES, LLC, a Nevada
Limited Liability Company,

     Plaintiff,

     Vs.

ALVIN BRESCIANI, an individual,

     Defendant.

_____/

Case No. 3:22-bk-50266-hlb

Adv. Case No: 22-05012-hlb

Chapter 7

Hearing Date: 11/9/2023

Hearing Time: 10:00 a.m.

**POINTS AND AUTHORITIES
IN REPLY TO OPPOSITION
TO MOTION FOR
SUMMARY JUDGMENT**

**TO THE COURT AND ALL PARTIES IN INTEREST:**

*///*

1

COMES NOW, HERMAN MENEZES, LLC, by and through the undersigned counsel, and hereby files the following Reply to the September 26, 2023 Opposition to Motion for Summary Judgment filed by Defendant ALVIN BRESCIANI.

This Reply is made and based upon all the pleadings and records on file for this proceeding together with every exhibit that is mentioned herein or attached hereto (each of which is incorporated by this reference as though it were set forth herein haec verba), if any there be, as well as the points and authorities set forth directly hereinafter.

## MEMORANDUM OF POINTS AND AUTHORITIES

**a. Bresciani Failed to Present any Evidence Creating a Genuine Issue of Fact**

Under FRCP 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

If the moving party satisfies its initial burden, the burden of production then shifts to the opposing party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).* A genuine issue requires evidence, not speculation or guesswork. *Guidroz-Brault v. Mo. Pac. R.R. Co*., 254 F.3d 825, 829 (9th Cir. 2001). The opposing party may not simply rely upon the allegations or denials in its pleadings. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 n.3, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Nor can it rely on testimony that is conclusory, speculative, or "uncorroborated and self-serving" to raise genuine issues of fact and defeat summary judgment. *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1061 (9th Cir. 2002) (citations and internal

quotations omitted); *Thornhill Pub. Co. v. GTE Corp*., 594 F.2d 730, 738 (9th Cir. 1979). The opposing party, by citing to documents, depositions, declarations, admissions, interrogatory answers, or other material, must identify specific material facts that are genuinely in dispute that are the basis of its challenged claim. See Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co*., 475 U.S. at 586 n.11 (citation omitted).

In Plainitff's Motion, the following evidence was presented to support the Motion: Exhibit 1: The contract dated December 19, 2019, between the Plaintiff (Menezes) and Bresciani, which pertains to the agreement for the production and delivery of approximately 3,840 tons of Organic Alfalfa Hay. This contract serves as evidence of the business agreement and terms between the two parties; Exhibit 2: Documentation that shows the balance left on the agreement due to Bresciani's failure to deliver the agreed amount of hay. The document provides a breakdown of the hay delivered, the deposit made by Menezes, and the balance due; Exhibit 3: A notice from Bank of America informing the Plaintiff that Bresciani's check for $67,160 had been returned due to insufficient funds. This serves as evidence of Bresciani's failure to make the promised payment; Exhibit 4: A letter sent by the Plaintiff to Bresciani via certified mail, notifying Bresciani about the returned check and its insufficient funds; Exhibit 5: Documentation highlighting the additional hay, valued at approximately $50,793, that Bresciani removed from Taylor Farms without payment. This provides evidence of another instance of Bresciani's fraudulent behavior; Exhibit 6: A copy of the Complaint filed against Mr. Bresciani and Bresciani Hay Company, Inc. on January 4, 2021, detailing the various claims, including fraud, breach of the implied covenant of good faith and fair dealing, a claim for passing a bad check, conversion, and exemplary damages; Exhibit 7: A copy of the December 23, 2021, Order from the

Nevada District Court, which struck Bresciani's answer and rendered a default judgment in favor of the plaintiffs; Exhibit 8: The Motion for Damages filed in January 2022. Included in this exhibit, on page 8, is the sworn declaration of Mark Menezes, Manager of Herman Menezes, LLC, who authenticated the relevant documents supporting the damage claim. His declaration attests to the facts alleged against Bresciani and the incurred damages; and Exhibit 9: The order from the Nevada District Court dated January 28, 2022, which awarded Menezes $330,570.65 in damages plus interest.

Menezes provided a combination of contractual documents, bank notices, legal filings, and a sworn declaration by Mark Menezes to substantiate the claims against Bresciani. Bresciani did not challenge the authenticity or admissibility of any of the evidence presented by Menezes.  Bresciani provided no evidence, just documents from the underlying case contesting the facts related to the Nevada State Court issuance of default judgment,  which are not relevant to the question before the court.

Bresciani has the burden to go beyond the pleadings and present concrete evidence from which a reasonable jury could return a verdict in their favor. Bresciani's opposition does not rise to this standard.  While Bresciani's counsel asserts various claims and defenses in his opposition, he fails to offer concrete evidence to support these factual assertions. Conclusory statements, unsupported by material facts, are insufficient to stave off summary judgment. Simply put, more than uncorroborated and self-serving testimony is required to find a genuine issue for trial. Speculation, conjecture, and suppositions, which are all that are provided, do not meet the requirements to defeat a well-founded motion for summary judgment.

Moreover, Bresciani does not provide citations to specific parts of evidence, depositions, documents, or other materials that would substantiate his claims. The motion consists entirely of unsworn statements of Bresciani's counsel. Arguments of an attorney are not evidence. See *Nev. Ass'n Servs., Inc. v. Eighth Judicial Dist. Court,* 130 Nev. 949, 957, 338 P.3d 1250, 1255 (2014). The absence of factual support places his assertions in the realm of mere speculation. It is imperative for the opposing party to cite to specific evidence in the record that would suggest a genuine dispute over a material fact. This is a procedural requirement that Bresciani has overlooked, to his detriment.

Furthermore, the facts provided by Bresciani are speculative and lack documentary corroboration. The Court is not required, nor is it in a position, to rely on such speculative testimony. Without tangible evidence that contradicts the moving party's claims, FRCP 56 requires the Court to accept the undisputed facts as presented by the moving party.

The undisputed evidence shows that From July 14, 2020, to August 18, 2020, Bresciani misappropriated approximately 404 tons of hay that belonged to Menezes and instead supplied it to his other customers. This hay had never been delivered to Menezes, and its misdirection amounted to a fraudulent act.  On August 5, 2020, Bresciani issued a check for $67,160 to Menezes. However, this check was returned due to insufficient funds. Menezes was informed of this by Bank of America, and despite sending a notice via certified mail to Bresciani regarding this bounced check, Bresciani did not rectify the situation or even respond. Bresciani further removed hay worth approximately $50,793 from Taylor Farms, which was again fraudulent since he had not paid for it. This action led Menezes to incur further damages.

In sum, Bresciani has failed to meet his burden of demonstrating that there is a genuine dispute as to any material fact. The evidence, or lack thereof, presented in his opposition does not create any genuine issue for trial. Therefore, considering the standard in FRCP 56, the court should grant the motion for summary judgment, as no reasonable jury, based on the evidence presented by Bresciani, could find in his favor.

**b. Bresciani's discussion of collateral estoppel is misplaced.**

Bresciani argues that under the federal issue preclusion doctrine, Bresciani would have an opportunity to contest the charge of fraud in the context of non-dischargeability because the issue was never actually litigated in state court, citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980), citing *Montana v. United States,* 440 U.S. 147, 153 (1979); *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987).

The Motion by the Plaintiff seeks summary judgment based on the facts of the case under 11 U.S.C. 523(a)(2)(A) - issue preclusion is not raised.  Because Plaintiff has never requested the court grant the underlying state court judgment preclusive effect, Defendant's discussion of issue preclusion standards is entirely irrelevant to Plaintiff's Motion.

Bresciani's discussion of the facts and circumstances surrounding his failure to litigate the underlying case is not relevant, as Bresciani failed to contest the facts.  There is no genuine dispute that Bresciani failed to respond adequately to court orders related to discovery. As a result, his answer was struck, and a default judgment was rendered in favor of the Plaintiffs in December 2023. When a Motion for Damages was made in January 2022, Bresciani did not respond, leading the Nevada District Court to issue an order awarding Menezes $330,570.65 in damages plus interest.

WHEREFORE, PLAINTIFF HEREBY MOVES: in accordance with Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. for summary judgment against the Defendant and an order declaring that the $330,570.65 in damages plus prejudgment and post-judgment interest in the amount of 6.75% owed to HERMAN MENEZES, LLC is non-dischargeable under the provisions of 11 U.S.C. § 523.

**DATED** this  Oct 9, 2023

By: */s/ Luke Busby, Esq.*
LUKE A. BUSBY, ESQ.
Nevada Bar No. 10319
316 California Ave.
Reno, Nevada 89509
775-453-0112
luke@lukeandrewbusbyltd.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date shown below, I caused service to be completed of a true and correct copy of the foregoing **REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** by:

_____ personally delivering;

_____ delivery via Reno/Carson Messenger Service;

_____ sending via Federal Express (or other overnight delivery service);

_____ depositing for mailing in the U.S. mail, with sufficient postage affixed thereto; or,

___x___ delivery via electronic means (fax, eflex, NEF, etc.) to:

Law Office of Cliff Young
Cliff Young
650 S. Rock Blvd., Ste. 21A
Reno, NV 89502
*Counsel for Alvin Bresciani*

By: /s/ Luke Busby, Esq.                              Oct 9, 2023
LUKE A. BUSBY, ESQ.
SBN 10319
316 California Ave.
Reno, NV 89509
775-453-0112
luke@lukeandrewbusbyltd.com
*Attorney for the Plaintiff*